J. Evan Shapiro (SBN 218481)
eshapiro@taulersmith.com
Camrie Ventry (SBN 355853)
cventry@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 1100
Los Angeles, California 90017
Tel: (213) 927-9270

*Attorneys for Plaintiff Lawrence Schallert*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE SCHALLERT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>STOCKX LLC, a Michigan limited liability company; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 2:26-cv-01015 JFW (KSx)<br><br>**PLAINTIFF LAWRENCE SCHALLERT'S OPPOSITION TO DEFENDANT STOCKX LLC'S MOTION TO DISMISS COMPLAINT UNDER FED. R. CIV. P. 12(B)(2), 12(B)(6) AND MOTION TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: March 30, 2025<br>Time: 1:30 p.m.<br>Courtroom: 7A<br>Judge: Hon. U.S. District Judge John F. Walter<br><br>Action Filed: Jan. 30, 2026<br>Trial Date: None Set |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE MOTIONS OF DEFENDANT STOCKX LLC SHOULD BE DENIED.

The Motions of Defendant StockX LLC's ("StockX" or "Defendant") to Dismiss the Complaint under Federal R. Civ. P. 12(b)(1) and 12(b)(6) (the "Motion to Dismiss"), and to Strike Class Allegations (the "Motion to Strike," and, collectively, with the "Motion to Dismiss," the "Motions") must be dismissed or stricken at the threshold. Counsel for Defendant filed this motion without having complied with this Court's Standing Order's provisions concerning pre-motion meeting and conferring of counsel under C.D. California Local Rule 7.3.

Section 5 (Motions), subsection (b) Local Rule 7.3 of the Court's Standing Order required counsel for Defendant to meet and confer with Plaintiff's counsel ***in person***. (This Court's Standing Order, ECF No. 10 (filed Feb. 3, 2026), at 9:4-8 ("All 7-3 conferences shall be conducted in person by lead counsel. If lead counsel are not both located within the Central District of California, the conference may take place via video (letters and e-mail do not constitute a proper 7-3 conference).")) Here, at counsel for Defendant's request, counsel for the parties met and conferred on February 18, 2026 "in a videoconference, conducted via Zoom." (Declaration of Nary Kim in Support of the Motions dated Feb. 25, 2026 (ECF No. 12-1), at 2:11-12.) The docket in this case establishes that the location of counsel for each of the parties is found within the Central District of California. *See* https://ecf.cacd.uscourts.gov/cgi-bin/qryAttorneys.pl?1004792.

Moreover, counsel for Defendant failed, as required under the same subsection of the Court's Standing Order, to organize the drafting of a post-conference joint statement between the parties. (*See* ECF No. 10, at 9:15-25 ("Not more than two calendar days after the 7-3 conference for any contemplated motion (and at least five calendar days prior to filing the contemplated motion), counsel shall file a joint statement indicating the date of, duration of, and method of communication used during the conference and the participants in the conference."); Declaration of J. Evan Shapiro dated March 9, 2026, in Support of Plaintiff Lawrence Schallert's Opposition to the Motions filed concurrently with this

Opposition.) Further, counsel for Defendant did not file any such joint statement within two calendar days after February 18, 2026, the date of the parties Rule 7-3 conference by video, as required.

These two failures on the part of counsel for Defendant ***require the striking or denial of the Motions*** under this Court's Standing Order. (*See* ECF No. 10, at 9:22-25 ("Failure to strictly comply with the Court's requirements or Local Rule 7-3 ***will*** result in the striking or denial of the motion.").)

## II. CONCLUSION

Under the Court's Standing Order, Defendant's Motions must be stricken or denied. Accordingly, Plaintiff respectfully requests that the Court ***deny*** the Motions and order Defendant to serve and file its Answer to the Complaint within fourteen (14) days of the Court's order denying the Motion.

DATED: March 9, 2026

**TAULER SMITH LLP**

By: */s/ J. Evan Shapiro*
J. Evan Shapiro, Esq.

*Attorneys for Plaintiff Lawrence Schallert*

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Lawrence Schallert, certifies that this brief does not exceed twenty-five pages, which complies with the page limit of the Court's Standing Order § 5(c).

DATED: March 9, 2026

**TAULER SMITH LLP**

By: */s/ J. Evan Shapiro*
J. Evan Shapiro, Esq.

*Attorneys for Plaintiff Lawrence Schallert*