KENDALL BRILL & KELLY LLP
Jeff Chemerinsky (270756)
*jchemerinsky@kbkfirm.com*
Nary Kim (293639)
*nkim@kbkfirm.com*
10100 Santa Monica Blvd., Suite 2500
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Attorneys for Defendant StockX LLC

J. Evan Shapiro (SBN 218481)
eshapiro@taulersmith.com
Camrie Ventry (SBN 355853)
cventry@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, California 90017
Tel: (213) 927-9270

Attorneys for Plaintiff Lawrence Schallert

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| LAWRENCE SCHALLERT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STOCKX LLC, a Michigan limited liability company; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:26-cv-01015 JFW (KSx)<br><br>**JOINT STATEMENT RE: LOCAL RULE 7-3 CONFERENCE RE: STOCKX LLC'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND STRIKE CLASS ALLEGATIONS**<br><br>District Judge John F. Walter<br>Magistrate Judge Karen L. Stevenson<br>Courtroom 7A |

**JOINT STATEMENT REGARDING LOCAL RULE 7-3 CONFERENCE**

Pursuant to paragraph 5(b) of the Court's Standing Order, Plaintiff Lawrence Schallert ("Plaintiff") and Defendant StockX LLC ("Defendant") submit this joint statement regarding their Local Rule 7-3 conference regarding Defendant's proposed Motion to Dismiss Class Action Complaint Pursuant to FRCP 12(b)(1) and (6) and Strike Class Allegations ("Motion").

The conference took place on March 18, 2026, between approximately 12:30 and 1:15 p.m., and was held in person at Defendant's counsel's office at 10100 Santa Monica Blvd., Suite 2500, Los Angeles, CA 90067. Defendant's lead trial counsel Jeff Chemerinsky, Defendant's counsel Xiaorui Yang, and Plaintiff's lead trial counsel J. Evan Shapiro attended the conference.

At the conference, Defendant's counsel stated that the grounds for the proposed Motion would be as follows: (i) Plaintiff fails to allege an injury-in-fact that is particularized to his circumstances or benchmarked to a specific tort to plead Article III standing; (ii) Plaintiff fails to state a claim because, as alleged, the Criteo SDK collected the content of Plaintiff's communication with the subject website and thus falls outside of § 638.50's definition of a trap and trace device; (iii) Plaintiff fails to plead diversity jurisdiction, because he fails to allege Defendant's principal place of business; and (iv) Plaintiff defines an impermissible fail-safe class.

Regarding the first ground, standing, Defendant's counsel pointed Plaintiff's counsel to precedents holding that plaintiffs cannot invoke federal courts' Article III power by alleging generalized privacy violations without identifying any sensitive personal information allegedly involved. *See, e.g.*, *Popa v. Microsoft Corp.*, 153 F.4th 784 (9th Cir. 2025). In response, Plaintiff's counsel made a number of points. First, violations of individuals' rights to privacy fall into the category of traditionally recognized harms that constitute an Article III injury in fact. *See Patel v. Facebook, Inc.*, 932 F.3d 1264, 1272 (9th Cir. 2019) (recognizing the "common law roots of the right to privacy"); *see also In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d

589, 598-599 (9th Cir. 2020) ("*In re Facebook*") ("A right to privacy 'encompass[es] the individuals' control of information concerning his or his person.'"). Second, binding Ninth Circuit precedent explains that various rights codified in CIPA ***are substantive and not procedural rights*** that are sufficient for Article III standing. *Brown v. Google LLC*, 685 F. Supp. 3d 909, 924 (N.D. Cal. 2023) ("The Ninth Circuit has found that each of the statutory claims brought here codify substantive rights to privacy."). The Ninth Circuit and numerous California district courts have found that plaintiffs had standing to pursue privacy law claims based on such injuries as: (1) the tracking of plaintiffs after they leave the website that started the collection of plaintiffs' information, the equivalent of a surreptitious "unauthorized exploration" of someone's private life and information; (2) the inability to maintain control over plaintiff's identity on the internet and personal information; and (3) the diminution of value of the personal information over which Plaintiff lost control. *See, e.g., In re Facebook*, 956 F.3d at 598-599; *Pemberton v. Rest. Brands Int'l, Inc.*, No. 25-cv-03647-JSC, 2025 U.S. Dist. LEXIS 230964, at *2, *22 (N.D. Cal. Nov. 24, 2025).

On the second ground, failure to state a claim, Defendant's counsel stated the proposed Motion would cite cases holding that a software that simultaneously captures both information about the communication and the content of the communication itself cannot be a trap and trace device as defined by California Penal Code § 638.50. *See Mitchener v. CuriosityStream, Inc.*, 2025 WL 2272413, at *5 (N.D. Cal. Aug. 6, 2025); *Kishnani v. Royal Caribbean Cruises Ltd.*, 2025 WL 1745726, at *4 (N.D. Cal. June 24, 2025). Defendant's counsel also pointed Plaintiff's counsel to California state court decisions holding the legislative history and statutory context of the California Trap and Trace Law suggest it does not apply to internet communications. *See, e.g.*, *Sanchez v. Cars.com Inc.*, No. 24STCV13201 (Cal. Super. Jan. 27, 2025); *Scharon v. Paramount Global*, No. 25STCV10585 (Cal. Super. Oct. 03, 2025). Plaintiff's counsel explained that there are apposite decisions in which California federal courts either (a) rejected the notion that Cal. Penal Code

§ 638.50(c) precludes the existence of a trap and trace device where a single suite of software captures both information about an electronic communication and the contents of that communication or (b) allowed claims under Cal. Penal Code § 638.51, for a trap and trace device based on the same software as concurrently filed claims under Cal. Penal Code § 631(a) for the interception of the contents of a communication. *See, e.g.*, *Moody v. C2 Educ. Sys. Inc.*, 742 F. Supp. 3d 1072, 1076-1077 (C.D. Cal. July 25, 2024); *Shahnaz Zarif v. Hwareh.com, Inc.*, No. 23-cv-0565-BAS-DEB, 2025 U.S. Dist. LEXIS 26519, at *39 (S.D. Cal. Feb. 12, 2025); *Casillas v. Six Flags Ent. Corp.*, No. 2:25-cv-6824-CBM-PD, 2025 LX 518344, at *6-22 (C.D. Cal. Dec. 15, 2025). Moreover, *CuriosityStream, Inc.* and *Royal Caribbean* fail to support Defendant's contention because in both cases, decided by the Hon. Noel Wise of the Northern District of California, identified language in the complaints stating that the software at issue captured "biographical information" – something that does not appear in the Complaint in this case. Additionally, Plaintiff's counsel stated there is an equivalent body of federal and California caselaw finding that either (1) the plain words of California's Trap and Trace Law, Cal. Penal Code §§ 638.50-51 unambiguously apply to the internet, website technology and software and therefore review of legislative history is either impermissible or inappropriate under principles of statutory instruction, and/or (2) the statutory context and legislative history fail to establish that the Law applies only to telephone communication. *See, e.g.*, *Alex & Ani, LLC*, No. CV 25-0679 FMO (JCx), 2026 U.S. Dist. LEXIS 11238, at *4-7 (C.D. Cal. Jan. 20, 2026); *Lewis v. Magnite, Inc.*, 2:25-cv-03448-MWC-SSCx, 2025 U.S. Dist. LEXIS 263675, at *39-42 (C.D. Cal. Dec. 4, 2025); *Moody v. C2 Educ. Sys. Inc.*, 742 F. Supp. 3d 1072, 1076-1077 (C.D. Cal. July 25, 2024); *In re Moving Party: Variety Media, LLC "Variety" or. "Defendant"*, No. 2025 Cal. Super. LEXIS 60788, at *6-7 (L.A. Super Ct. Sept. 24, 2025); *Santoro v. Lulu*, No. 25STCV11722, 2025 Cal. Super. LEXIS 84529 at *9 (L.A. Super. Ct. Nov. 21, 2025). Finally, Plaintiff's counsel also explained that the history of the language found in the definitions of

electronic communication and trap and trace device upon which Plaintiff's claim relies, which cannot be detailed here, refutes the assertion that Cal. Penal Code §§ 638.50-51 apply to pre-internet communication technology, i.e. telephones, only.

For the third ground, diversity jurisdiction, Defendant's counsel pointed out the complaint only alleges Defendant is a "a Michigan limited liability company," Compl. ¶¶ 6, 11, and fails to allege Defendant's place of incorporation and principal place of business, as required by 28 U.S.C. § 1332(d)(2) to plead diversity jurisdiction. Plaintiff's counsel explained that the principal place of business can be judicially noticed by the Court based on a form executed by Defendant that is published on the California Secretary of State official government website. After the conference, Plaintiff's counsel sent such a certificate containing Defendant's principal address, which is in *Michigan*, not California, by email, to Defendant's counsel. Plaintiff is willing to amend the Complaint to include this address, but unfortunately, the parties' stipulation, which the Court so ordered, states that "Schallert [Plaintiff] shall file his opposition by April 6, 2026." Plaintiff's counsel notes that he did not intend to waive his client's right to file an amended complaint in lieu of opposing Defendant's motion to dismiss under Fed. R. Civ. P. 15 when executing the stipulation and negotiating the dates contained therein, but also failed to demand that the stipulation allow his client exercise it.

For the last ground, to strike the class allegations based on the impermissible fail-safe class definition, Defendant's counsel pointed Plaintiff's counsel to precedents forbidding plaintiffs from defining a class "in a way that precludes membership unless the liability of the defendant is established." *Moghadam v. Alleviate Tax*, 2025 WL 3190133, at *4 (C.D. Cal. Feb. 24, 2025) (internal quotation omitted). Plaintiff's counsel stated that it would be premature to strike the class definition at this time under apposite caselaw. The Ninth Circuit has not expressly forbidden fail safe classes, therefore district courts retain discretion to redefine the class to avoid the fail-safe problem during *the class certification process*. *See, e.g.,*

*Tinnin v. Sutter Valley Med. Found.*, 647 F. Supp. 3d 864, 874-75 (E.D. Cal. 2022); *In re Autozone, Inc., Wage & Hour Emp't Practices Litig.*, 289 F.R.D. 526, 546 (N.D. Cal. 2012); *see also Miholich v. Senior Life Ins. Co.*, No. 21-CV-1123-WQH-AGS, 2022 U.S. Dist. LEXIS 23981, at *17-18 (S.D. Cal. Feb. 10, 2022), *reconsideration denied*, No. 21-CV-1123-WQH-AGS, 2022 U.S. Dist. LEXIS 86543, (S.D. Cal. May 12, 2022) (denying motion to strike class allegations defendant argued were "fail-safe," finding such a motion premature).

Lastly, Defendant's counsel indicated that the proposed Motion would request dismissing the complaint with prejudice, because the inherent incongruence between Plaintiff's trap and trace claim and the Constitution's requirement for a concrete injury reveals the "futility of Plaintiff's suit." *Mitchener*, 2025 WL 2272413, at *5. Plaintiff's counsel opposed this view, asserting that the Complaint is not deficient with respect to Plaintiff's alleged injuries, but that if the Court were to find that the Complaint insufficiently supports Article III standing, Plaintiff could amend the pleading to specify his injuries in greater detail, particularly with respect to the value of his identity and the identifying information that the Criteo software on Defendant's website captures, and the nature of the continued tracking of Plaintiff's internet activity by Criteo.

In addition to the above, Plaintiff's counsel asked whether Defendant would allow Plaintiff to amend the complaint before the March 30 due date for Defendant's proposed Motion. Defendant's counsel said they would check with their client and did so shortly after the conference. Defendant's counsel have not heard back from their client as of the filing of this joint statement.

DATED: March 20, 2026 TAULER SMITH LLP

By: */s/ J. Evan Shapiro*
J. Evan Shapiro
Attorneys for Plaintiff Lawrence Schallert

DATED: March 20, 2026 KENDALL BRILL & KELLY LLP

By: */s/ Jeff Chemerinsky*
Jeff Chemerinsky
Attorneys for Defendant StockX LLC

*Pursuant to L.R.5-4.3.4(a)(2)(i), I attest that that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: */s/ Jeff Chemerinsky*
Jeff Chemerinsky